UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0215-B |
| | § | |
| MARCUS FULBRIGHT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marcus Fulbright's Motion to Reduce Sentence 18 U.S.C. § 3582(c)(1)(A)(i), 4205(g) (Doc. 93). For the reasons that follow, Fulbright's motion is **DENIED**.

### I.

### BACKGROUND

Fulbright pleaded guilty to one count of using, carrying, or brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and one count of using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence under § 924(c)(1)(C)(i). Doc. 74, J., 1. On November 3, 2016, he was sentenced to eighty-four months of imprisonment on the first count and 300 months of imprisonment on the second count, to run consecutively, for a total of 384 months. *Id.* at 2.

Fulbright filed his motion for sentence reduction on December 15, 2020, wherein he seeks relief based on the First Step Act's amendment to sentencing for convictions under 18 U.S.C. § 924(c). *See* Doc. 93, Def.'s Mot., 1–2. Because the First Step Act amendment that Fulbright invokes does not apply to his sentence, Fulbright's motion is **DENIED**.

-1-

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As the Court understands it, Fulbright seeks a reduction in sentence because he was subject to a "stackin[g]" of charges that the First Step Act no longer permits. Doc. 93, Def.'s Mot., 5. Fulbright is correct that the First Step Act "amended 18 U.S.C. § 924(c)(1)(C)(i), the provision that imposes a 25-year minimum sentence for repeat firearm offenders, to reduce the severity of 'stacked' charges." *United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020). Under the amendment, "the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses." *Id.* at 176–77. Rather, "[n]ow, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution." *Id.* at 177 (citation omitted). But this amendment does not apply retroactively. *See id.* Instead, the amendment "appl[ies] to any offense that was committed before the date of enactment of [the First

Step Act], if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018); *see United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) (explaining that § 403 of the First Step Act "changed the law . . . going forward") (citation omitted). Because the First Step Act was enacted in 2018, and Fulbright was sentenced in 2016, *see* Doc. 74, J., 1, § 403 does not entitle him to a sentence reduction.[1]

## IV.
## CONCLUSION

For the foregoing reasons, Fulbright's motion (Doc. 93) is **DENIED**.

**SO ORDERED.**

**SIGNED: December 24, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, Fulbright states that since his sentence, "Congress has . . . reduced the sentencing guidelines" that apply to his crimes. Doc. 93, Def.'s Mot., 3. Fulbright provides no support for this proposition, and the Court can find none. In any event, Fulbright does not allege that the purported change in sentencing guidelines was retroactive such that it would apply to his sentence.