UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0215-B-1 |
| | § | |
| MARCUS FULBRIGHT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marcus Fulbright's Motion for Compassionate Release under [18 U.S.C. §] 3582(c)(1)(A)(i) (Doc. 95). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On November 3, 2016, the Court sentenced Fulbright to 384 months of imprisonment and five years of supervised release after he pleaded guilty to one count of using, carrying, or brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), and one count of using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(C)(i). Doc. 74, J., 1–3. Fulbright is currently twenty-nine years old and is confined at Thomson United States Penitentiary (USP) with a statutory release date of February 1, 2042.[1] As of March 9, 2021, Thomson USP has ten active cases and 524 recovered cases

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed March 9, 2021).

-1-

of COVID-19 among its inmates.[2] Fulbright filed a motion for compassionate release (Doc. 95) on January 13, 2021. The Court reviews Fulbright's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Fulbright's request for compassionate release fails because he has neither exhausted his administrative remedies nor demonstrated extraordinary and compelling reasons warranting his release.

A.  *Fulbright Has Not Demonstrated Proof of Exhaustion.*

The Court denies Fulbright's request for compassionate release because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a

---

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/ (last accessed March 9, 2021).

motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Fulbright claims that he "file[d] for a compassionate release to the warden [on] October 13, 2020" but "never [received] a [r]esponse." Doc. 95, Def.'s Mot., 8. However, Fulbright provides no evidence of his request to the warden or the warden's receipt of said request. *See generally id.* Without evidence that Fulbright complied with the exhaustion requirement, the Court finds that this requirement is not satisfied, and Fulbright's request for compassionate release fails. *E.g., United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020).

B.  *Fulbright Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Regardless of whether Fulbright exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4] In

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence

particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.*

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Fulbright asserts that compassionate release is warranted due to his previous contraction of COVID-19, as well as "the poor management of the COVID-19 pandemic[] and the conditions of confinement at [Thomson USP.]" Doc. 95, Def.'s Mot., 3. Fulbright does not provide evidence of these conditions or of any medical conditions from which he may suffer. Instead, he describes the symptoms of his previous COVID-19 infection and describes the conditions of confinement at Thomson USP as inadequate. *Id.* at 4–6. He argues that "[t]he fact that [he] ha[s] been infected with COVID-19 . . . combined with the real threat of re-infection due to the conditions of confinement at [Thomson USP] that make self-care against the virus impossible,

---

reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive" but "guid[ing]." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

unequivocally qualifies as an unforeseen and 'extraordinary and compelling' reason warranting compassionate release[.]" *Id.* at 6.

The Court disagrees. While the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country, generalized concerns about the spread of COVID-19 within Thomson USP do not give rise to extraordinary and compelling reasons for release. "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Thomson USP, even those who have previously contracted COVID-19. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see United States v. Vargas*, 2020 WL 4530429, at *3 (N.D. Tex. Aug. 6, 2020). Therefore, the Court considers these circumstances as they specifically concern Fulbright. And Fulbright has not shown that he is physically unstable or that Thomson USP is unable to provide him with adequate care. On the contrary, Fulbright appears to be a healthy, young individual with no preexisting conditions, who has fully recovered from his prior COVID-19 infection. Therefore, the Court does not find that Fulbright's ability to provide self-care within Thomson USP is "substantially diminish[ed]," or that other extraordinary and compelling reasons warrant his release. *See* § 1B1.13(1)(A) cmt. n.1. Because Fulbright fails to demonstrate extraordinary and compelling reasons for release, the Court **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**.

C.  *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release Is Not Warranted.*

The Court also notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Due to Fulbright's failure

to exhaust his administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). In Fulbright's case, the Court found 384 months of imprisonment appropriate to serve these goals. *See* Doc. 74, J., 2. With a statutory release date of February 1, 2042, approximately 251 months—or sixty-five percent—of Fulbright's sentence remain to be served. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). Thus, while the Court declines to foreclose compassionate release for Fulbright based on § 3553, the Court advises Fulbright that § 3553 could present an obstacle with respect to future compassionate-release requests.

## IV.

## CONCLUSION

Fulbright's request for compassionate release fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For those reasons, the Court **DENIES** Fulbright's motion (Doc. 95) **WITHOUT PREJUDICE**.

By denying Fulbright's motion without prejudice, the Court permits Fulbright to file a subsequent motion for compassionate release in the event he can (1) satisfy the exhaustion requirement, (2) provide evidence supporting a finding of extraordinary and compelling reasons, and

(3) show that the § 3553(a) factors support his release.

SO ORDERED.

SIGNED: March 10, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE