IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL NO. 3:14-CR-215-B-1 |
| | § |
| MARCUS FULBRIGHT, | § |
|   #48289-177, | § |
|                 DEFENDANT. | § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Marcus Fulbright's *Amended Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018* and his supplemental *Motion for Sentence Reduction*, which were referred to the United States Magistrate Judge under 28 U.S.C. § 636(b). Crim. Doc. 97; Crim. Doc. 100. The Government has filed a response in opposition, arguing that Fulbright failed to exhaust his administrative remedies and his motions nevertheless fail on merits. Crim. Doc. 104 at 2-9. As detailed here, the motions should be **DENIED WITHOUT PREJUDICE** as unexhausted.

Fulbright seeks compassionate release based on the nonretroactive changes to 18 U.S.C. § 924(c)(1) brought by the First Step Act, his young age at sentencing, and the length of his mandatory sentence. Crim. Doc. 97 at 7-11. However, he failed to exhaust his administrative remedies by presenting the sentencing claim in his request to the warden.

For a motion to be properly before the Court, the defendant must either exhaust all administrative remedies, or thirty days must elapse "from the receipt of [a compassionate release request] by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The § 3582(c)(1)(A) exhaustion requirement is a "mandatory claim-processing

rule" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (holding the requirement is nonjurisdictional but mandatory). "Congress used clear language: all requests for compassionate release must be presented to the Bureau of Prisons ["BOP"] *before* they are litigated in the federal courts." *Id.* (emphasis added). Moreover, as confirmed in *Franco*, the mandatory exhaustion requirement cannot be excused. *Id.* at 469 ("Those who seek a motion for compassionate relief under the First Step Act *must* first file a request with the BOP." (emphasis added)).

Here, Fulbright's March 17, 2021 request to the warden raised Covid-19 infection concerns but did not mention the sentencing argument he raises here. *See* Crim. Doc. 104-1 at 1 (alleging only that Fulbright feared reinfection while in prison). Fulbright has thus failed to properly exhaust his administrative remedies prior to filing the present motion. Such a failure provides an independent basis for dismissing his motion. *United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021) (per curiam) (affirming denial of § 3582(c)(1)(A) motion as unexhausted because the defendant's request to the warden did not present the issue referenced in his motion and declining to reach the district court's alternative denial on the merits).

For the foregoing reasons, it is recommended that Fulbright's motions for compassionate release be **DENIED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.

**SO RECOMMENDED** on September 20, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).