UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 3:14-CR-0215-B-1** |
| | § | |
| **MARCUS FULBRIGHT,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Marcus Fulbright's Motion to Reduce Sentence (Doc. 111).[1] Fulbright seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Doc. 111, Mot., 2.[2] For the following reasons, Fulbright's Motion is **DENIED WITHOUT PREJUDICE**.

**I.**

**BACKGROUND**

In 2016, the Court sentenced Fulbright to 384 months of imprisonment and 5 years of supervised release "as to each of Counts 2 and 4, to run concurrently." Doc. 74, J., 1-3.Fulbright pleaded guilty to "using, carrying, or brandishing a firearm during and in relation to a crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and to "using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence" in violation of § 924(c)(1)(C)(i).

[1] Before the Court is also Fulbright's Motion to Stay Proceedings (Doc. 113) pending the Supreme Court's release of the *Rutherford v. United States* opinion. The Supreme Court issued its opinion on May 28, 2026. *See generally Rutherford v. United States*, 608 U.S __, 146 S. Ct. 1320 (2026). Accordingly, the Court denies as moot the Motion to Stay Proceedings.

[2] The Court cites to the page numbers generated by the ECF system.

*Id*. Fulbright, who is 35 years old, is serving his sentence at USP Florence. His scheduled release date is July 17, 2043.[3]

Fulbright requests compassionate release under § 3582(c)(1)(A)(i) based on his "unusually long sentence," age at the time of sentencing, and rehabilitation while incarcerated. *See* Doc. 111, Mot., 2-3. Fulbright also contends the 18 U.S.C. § 3553(a) factors support his release. *See id.* at 16-21.

Pursuant to this Court's order, the Government responded to Fulbright's Motion. *See generally* Doc. 118, Resp. In its response, the Government makes four arguments in opposition to Fulbright's release: (1) Fulbright failed to exhaust his administrative remedies; (2) a non-retroactive change to the law is not an extraordinary and compelling circumstance; (3) rehabilitation, standing alone, cannot be extraordinary and compelling; and (4) the § 3553(a) factors weigh against release. *See id.* 3-8.

In addition to filing a reply (Doc. 124),[4] Fulbright filed a supplement to his Motion that attached the Warden's response to his compassionate release request. *See* Doc. 126, Supp., 5-6. The Warden noted that Fulbright's request for release was based on his "unusually long sentence." *See id.* at 5. The Warden rejected Fulbright's request. *See id.* at 6.

The Court considers Fulbright's Motion below.

[3] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc.

[4] Fulbright's reply contains argument only relating to his stay request. *See* Doc. 124, Reply, 1, 5.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). In addition to being warranted by extraordinary and compelling circumstances, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

The Court denies Fulbright's Motion for compassionate release because he has not demonstrated an extraordinary and compelling circumstance warranting release.[5]

### A. *Fulbright's Argument that His Sentence Is "Unusually Long" Is Not an Extraordinary and Compelling Reason Warranting Compassionate Release.*

"Congress has empowered the [Sentencing] Commission to 'give meaning' to the compassionate release provision by identifying the circumstances that constitute 'extraordinary and compelling' reasons for release." *Rutherford v. United States*, 608 U.S __, __, 146 S. Ct. 1320, 1334 (2026) (citation omitted). But "the Commission's policy statements must be 'consistent with' the

---

[5] For purposes of this Motion, the Court assumes without deciding that Fulbright exhausted his administrative remedies for both his "unusually long sentence" and "other reasons" arguments.

governing statute, . . . and courts have a duty to 'independently interpret the statute and effectuate the will of Congress.'" *Id.* (citations omitted). Although a court ought not follow the Sentencing Commission's definition of "extraordinary and compelling" if it expands the plain meaning of those statutory terms, *see id.*, the Sentencing Commission's guidance can "inform[]" a court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release," *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citation omitted).

The Sentencing Commission's list of "extraordinary and compelling circumstances" includes six categories: (1) a defendant's medical circumstances; (2) a defendant's age; (3) a defendant's family circumstances; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to items one through four; and (6) a defendant's unusually long sentence. § 1B1.13(b). Here, Fulbright argues that he has demonstrated an extraordinary and compelling circumstance under § 1B1.13(b)(6). The sentencing commission provides the following guidance for § 1B1.13(b)(6):

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In support of his unusually long sentence argument, Fulbright relies on a nonretroactive amendment to the statute under which he was sentenced, 18 U.S.C. § 924(c). The First Step Act amended § 924(c) to eliminate a mandatory 25-year stacking provision for first-time offenders. *See Rutherford*, 146 S. Ct. at 1327. According to Fulbright, if he had been sentenced today, he would have received a shorter sentence because 300 months of his 384-month sentence result from

§ 924(c)'s mandatory 25-year stacking provision. *See* Doc. 111, Mot., 6. Fulbright acknowledges that the amendment does not apply retroactively. *See id.* at 4. But he argues that the sentencing disparity between his sentence today and the sentence he received in 2016 is an extraordinary and compelling reason warranting release. *See id.* at 8.

Fulbright's argument has been squarely rejected by the Supreme Court. Facing the same argument Fulbright brings here, the Supreme Court held that "Congress's nonretroactive change to § 924(c)—considered by itself or in a combination with other factors"—is not an extraordinary and compelling reason for compassionate release. *Rutherford*, 146 S. Ct. at 1335. The Supreme Court held that to the extent § 1B1.13(b)(6) "counsels otherwise," it "is invalid." *Id.*

Because Fulbright's argument is foreclosed by the *Rutherford* case, his unusually long sentence argument fails.

*B. Fulbright's "Other Reasons" Argument Fails to Demonstrate an Extraordinary and Compelling Circumstance Warranting Release.*

Fulbright also argues that compassionate release is warranted because he has shown extraordinary and compelling circumstances under § 1B1.13(b)(5)'s "other reasons" category. *See* Doc. 111, Mot., 3. Specifically, he argues that his age at the time of the offense, 22, and rehabilitation efforts demonstrate extraordinary and compelling reasons warranting release. *See id.* Neither argument meets the "extraordinary and compelling" threshold.

The Supreme Court has recently interpreted "extraordinary" and "compelling." "Extraordinary" means "most unusual," "far from common," or "having little or no precedent." *Rutherford*, 146 S. Ct. at 1330 (other citation omitted) (citing *Webster's Third New International Dictionary* 807 (1976). "Compelling" means "tending to convince or convert by or as if by forcefulness of evidence." *Id.* (other citation omitted) (citing *Webster's Third New International Dictionary* 463

(1976)). As to the "compelling" piece of the standard, because "[a]n argument that is compelling in one context is not necessarily so in another," a court should assess whether the defendant has presented "an especially convincing reason" for compassionate release specifically. *Fernandez v. United States*, 608 __, __, 146 S. Ct. 1292, 1302-03 (2026). Consistent with the Supreme Court's more recent interpretations of § 3582's language, the Fifth Circuit had previously interpreted the "extraordinary and compelling" standard as requiring a prisoner to show "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (citation omitted).

First, Fulbright has not shown the age at which he committed the offense falls under the Supreme Court's definition of extraordinary and compelling. In his motion, Fulbright makes two passing references to age: (1) that he was 22 years old when he committed the offense, and (2) that when he was younger he "did not think much of [his] actions." Doc. 111, Mot., 17, 19. Fulbright provides no argument demonstrating that his age at the time of the offense is an extraordinary and compelling reason warranting release. Indeed, the age at which Fulbright committed the crime was known at sentencing, not an unforeseeable circumstance that arose later. *See Austin*, 125 F.4th at 692. Accordingly, the Court finds that Fulbright has not shown that the age at which he committed the offense is an extraordinary and compelling circumstance warranting release.

Second, Fulbright raises several efforts at rehabilitation undertaken during incarceration. Laudable as those efforts are, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see* § 1B1.13(d).

In sum, Fulbright has not presented "extraordinary and compelling" reasons for compassionate release. Given this threshold obstacle to Fulbright's Motion, the Court need not consider the sentencing factors set forth in § 3553(a).

## IV.

## CONCLUSION

Fulbright has not demonstrated extraordinary and compelling reasons for compassionate release. The Court therefore **DENIES** Fulbright's Motion (Doc. 111) **WITHOUT PREJUDICE.**

By denying Fulbright's Motion without prejudice, the Court permits Fulbright to file a subsequent motion seeking compassionate release in the event Fulbright demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) satisfaction of the exhaustion requirement with respect to those circumstances; and (3) that the § 3553(a) sentencing factors support release.

The Court also **DENIES as moot** Fulbright's Motion to Stay (Doc. 113).

**SO ORDERED.**

**SIGNED: August 10, 2026.**

**JANE J. BOYLE**
**SENIOR UNITED STATES DISTRICT JUDGE**